UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jose Uriel Sanchez,<br>Petitioner<br>v.<br>Todd Blanche, et al.,<br>Respondents | Case No. 2:26-cv-02478-CDS-EJY<br>**Order Granting Petitioner's Motion to Dismiss**<br>[ECF No. 9] |

Counsel for petitioner Jose Uriel Sanchez moves to dismiss his pro se petition for writ of habeas corpus. Mot., ECF No. 9. Counsel asserts that they have confirmed that the petitioner is no longer in custody because he was released on bond by the immigration court on August 24, 2026. *Id.* As a result, Sanchez's petition is moot.

A writ of habeas corpus permits a petitioner to challenge the legality or duration of his detention. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A court's authority under the writ, however, is generally limited to ordering the petitioner's release from unlawful detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

Here, when Sanchez filed his petition, he was in immigration custody in this district and challenging the legality of his detention. ECF No. 4. However, it appears that he has since been released on a $10,000 bond by the immigration court in his removal proceedings. The court therefore "can no longer provide him the primary relief sought in his habeas corpus petition," rendering his petition moot. *See Munoz v. Rowland*, 104 F.3d 1096, 1097–98 (9th Cir. 1997); *see also, e.g.*, *Singh v. Bowen*, 2025 WL 3679185, at *1 (C.D. Cal Dec. 18, 2025) (dismissing as moot petition where petitioner was released from immigration custody). Indeed, "a case is moot when the

issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486 (1969). Through his habeas petition, Sanchez seeks the immediate release from custody or, in the alternative, release within seven days if he is not provided with a bond hearing. ECF No. 4 at 2. Because he has since been released from custody, there is no further relief that the court can provide.

**Conclusion**

IT IS HEREBY ORDERED that writ of habeas corpus is moot following Sanchez's release from immigration custody. Therefore, the petition is dismissed without prejudice. The Clerk of the Court is kindly directed to close this case.

Dated: October 22, 2026

_______________________________

Cristina D. Silva
United States District Judge